Opinion delivered February 8, 1875, by
Pershing, P. J.
The facts in this case were not disputed on the argument. Under proceedings in partition in the Orphans’ Court, the real estate of the deceased husband of the defendant was appraised and accepted by one of the heirs, who entered into recognizance to pay the widow (the above-named defendant), annually during her life, the interest on the one-third of the appraised valuation.
Subsequently the defendant contracted the debt for which the judgment in this case was obtained against her. The application before us is founded on the Acts of Assembly of 13th October, 1840, and 24th January, 1849, relating to sales under executions of life estates. See Purd. Dig. pp. 651-2. In support of it the cases of Kurtz v. Long, 6 Casey, 501, and Snyder v. Crist, 3 Wright, 499, have been cited. If the position taken by defendant’s counsel is correct, it follows that a sequestrator may be appointed, who may have the “full and undisturbed possession” of the premises delivered to him, and thus turn out the heir to whom the Orphans’ Court has awarded the lands, and who is now admitted to be in possession. The partition and acceptance of the real estate prior to the time the widow contracted the debt to the plaintiff, worked a conversion of the premises awarded to the heir. In the case of *30 the Lancaster County Bank v. Stauffer, 10 Barr, 398, it is decided that the sixth section of the Act of 1840, before cited, authorizes the appointment of a sequestrator only “ where an unconverted life estate is taken in execution, in order to make the debt out of the rents and profits, without a sale; but neither the letter nor the spirit of the enactment extends to lands already turned into money.” See Scott on Intestate Laws, 411. The rule must be discharged.
And now February 8, 1875.—Rule discharged.